**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-24-00529-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| $14,590 in United States Currency, | |
| Defendant. | |

    Before the Court is the Government's "Motion for Default Judgment for Forfeiture" as to $14,590 in United States currency, brought under Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 13.

    On July 26, 2023, the Drug Enforcement Administration seized $14,590 in United States currency ("Defendant Currency") from putative claimant Fernando Castro-Salgado during a traffic stop. Doc. 1-2 at 1–2. Law enforcement officers had been surveilling Daniel Diaz, "a known drug courier," when Castro-Salgado appeared to meet with Diaz at a Motel 6 parking lot. *Id.* at 3–4. Castro-Salgado entered a parked vehicle with Diaz inside, stayed for approximately five minutes, and then left. *Id.* at 4. Law enforcement began following Castro-Salgado and initiated a traffic stop shortly thereafter, when Castro-Salgado made an illegal left turn and ran a red light. *Id.* Castro-Salgado was the driver and sole occupant of the vehicle. *Id.* at 1–2. At first Castro-Salgado denied possessing any large amounts of U.S. currency, but once the officer pointed to a bundle of cash in plain view, Castro-Salgado admitted to having $600, which he was planning to use in Mexico. *Id.* at 4.

Castro-Salgado consented to a search of the vehicle, where officers recovered three additional bundles of currency. *Id.* Based on an "aggregate of the facts"—(1) the unusually large amount of cash, (2) Castro-Salgado's inconsistent and evasive responses on the existence and amount of cash, and (3) Castro-Salgado's recent parking lot meeting with a known drug courier—there was probable cause that Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). *See United States v. Padilla*, 888 F.2d 642, 643–44 (9th Cir. 1989).

Once the government shows probable cause for the forfeiture, the burden shifts to any putative claimant to prove by a preponderance of the evidence that the money has a legitimate origin. *Id.* at 645. On October 29, 2024, the government filed a Complaint for Forfeiture *In Rem* against Defendant Currency. Doc. 1. On October 31, 2024, the government provided notice to putative claimants, Fernando Castro-Salgado and Howard Miller, et al., care of Michael Elsner, Esq., by mailing copies of the Complaint for Forfeiture *In Rem*, Warrant of Arrest *In Rem*, and Notice of Forfeiture Action via first class prepaid postage, certified mail, return receipt requested. Docs. 6 and 7. The government also fulfilled the notice and publication requirements of Rule G(4) Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Doc. 8.

No appearance, claim, answer, or motion under Rule 12 of the Federal Rules of Civil Procedure has been filed for the Defendant Currency as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Section 983(a)(4) by putative claimants Fernando Castro-Salgado or Howard Miller, et al., or any other person.

On January 14, 2025, the Government applied for default judgment against putative claimants Castro-Salgado (Doc. 9) and Howard Miller, et al. (Doc. 10). On January 15, 2025, the Clerk of the court entered default against Castro-Salgado (Doc. 11) and Miller, et al. (Doc. 12).

The Court finds probable cause that Defendant Currency constitutes proceeds of controlled substance trafficking or proceeds traceable to an exchange of things of value for

a controlled substance in violation of 21 U.S.C. §§ 841 and 846. Therefore, the Defendant Currency is forfeitable under 21 U.S.C. § 881(a)(6). The Court further finds no claimant offered proof that Defendant Currency has legitimate origins.

Therefore, under Rule 55(b)(2) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a default judgment be, and hereby is, entered for the United States of America against the Defendant $14,590 in United States Currency;

**IT IS FURTHER ORDERED** all right, title and interest in the Defendant $14,590 in United States Currency is hereby condemned, forfeited to and vested in the United States of America; and

**IT IS FURTHER ORDERED** that the Defendant $14,590 in United States Currency forfeited to the United States of America herein shall be disposed of according to law.

Dated this 25th day of April, 2025.

_____
John C. Hinderaker
United States District Judge